UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CIVIL ACTION NO.: _____

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, as subrogee of Inland Private Capital Corporation, <br><br> Plaintiff, <br><br> v. <br><br> B L COMPANIES CONNECTICUT, INC., ROGERS MECHANICAL CONTRACTORS FL 3, LLC, and TRANE U.S., INC., <br><br> Defendants. | **(JURY TRIAL DEMANDED)** |

## COMPLAINT

COMES NOW Plaintiff, Employers Insurance Company of Wausau, as subrogee of Inland Private Capital Corporation, by counsel, complaining of the defendants BL Companies Connecticut, Inc., Rogers Mechanical Contractors FL 3, LLC and Trane U.S. Inc. and states the following:

## THE PARTIES

1.     Plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU (hereinafter referred to as "EMPLOYERS") is a corporation duly organized and existing under the laws of the State of Wisconsin, having its principal place of business at 175 Berkeley Street, Boston, Massachusetts.  EMPLOYERS is in the business of writing property and casualty insurance

coverage, including property loss coverage, and is duly licensed and authorized to conduct business in the State of Florida.

2.    Plaintiff's subrogor, Inland Private Capital Corporation ("Inland Private Corporation") is a Delaware Corporation who at all relevant times owned the 1 story industrial use warehouse commonly known as the Fort Myers Sort Center at 8250 Logistics Drive, Fort Myers, Florida ("Warehouse").

3.    Inland Private Corporation is the sole member of Fort Myers Sort Center DST, a Delaware Statutory Trust ("Fort Myers Sort Center DST").

4.    At all relevant times, EMPLOYERS provided property insurance coverage to Inland Private Corporation and its subsidiaries against claims arising from certain perils and damages and under which said insurance policy was in full force and effect.

5.    Defendant BL Companies Connecticut, Inc. d/b/a BL Companies ("BL Companies") is a Connecticut corporation, having its principal place of business at 355 Research Parkway, Meriden, Connecticut 06450.    At all times hereinafter mentioned, defendant BL Companies was engaged in the, inter alia, architectural, mechanical, electrical, and plumbing (MEP) engineering business.   BL Companies may be served with process by serving its registered agent at: BL Companies, Inc. Attn: Legal Department, 355 Research Parkway, Meriden, CT 06450.

6.    Defendant Rogers Mechanical Contractors Fl 3, LLC ("Rogers Mechanical") is a Florida limited liability company, having its principal place of business at 187 Liberty Road, Villa Rica, Georgia 30180. At all times hereinafter mentioned, defendant Rogers Mechanical was engaged in, inter alia, the industrial and commercial mechanical contracting business.   Rogers

Mechanical may be served with process by serving its registered agent at: United States Corporation Agents, Inc., 476 Riverside Avenue, Jacksonville, Florida 32202.

7.      Defendant Trane U.S. Inc. ("Trane") is a Delaware Corporation. Trane is wholly owned by Trane Technologies Company LLC (formerly known as Ingersoll-Rand Company). Trane's principal place of business is 800E- Beaty Street in Davidson, North Carolina.  At all times hereinafter mentioned, defendant Trane was engaged in the manufacturing of heating, ventilation and air conditioning and refrigeration systems for both residential, commercial, and industrial use. Trane may be served with process by serving its registered agent at: Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

8.      Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events and/or omissions giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

10.     Prior June 7, 2022, GPF Seefried Ft. Myers 2021 LLC d/b/a Seefried Properties retained The Conlan Company to perform as the general contractor for the construction of the Warehouse.

11.     Upon information and belief, prior to June 7, 2022, Seefried Properties retained BL Companies to serve as the architect and mechanical engineer who provided architectural and MEP engineering design services in conjunction with the construction of the Warehouse.

12.     At all relevant times, BL Companies supplied information, guidance, analytical services, and provided professional plans and specifications for the design and construction of the Warehouse, including selecting the make and model of the Trane Roof Top commercial HVAC units ("RTUs" or "Units") to be installed on the Warehouse roof.

13.     Prior to November 10, 2021, the Conlan Company retained Rogers Mechanical to perform as a mechanical contractor for the construction of the Warehouse.

14.     Prior to November 10, 2021, Rogers Mechanical retained Trane to, among other things, sell, manufacture, supply, and deliver thirty (30) RTUs, including 16 20-ton RTUs to the Warehouse.

15.     Prior to November 10, 2021, Trane delivered the RTUs to the Warehouse.

16.     Prior to November 10, 2021, Rogers installed the RTUs on the Warehouse, including the 16 20-ton RTUs on the Warehouse's roof.

17.     Rogers Mechanical substantially completed its mechanical contracting work, including the installation of the 16 20-ton RTUs on November 10, 2021.

18.     On November 10, 2021, Rogers Mechanical issued a warranty to Seefried Properties.  The warranty period was from November 10, 2021, to November 10, 2022.   A copy of the Rogers Mechanical Warranty is attached as Exhibit "1".

19.     As part of its manufacture, sale, shipment, and delivery of its 16 20-ton RTUs to the Warehouse, Trane issued a commercial equipment warranty to Seefried Properties.   A copy of Trane's Warranty is attached as Exhibit "2".

20.     The Certificate of Occupancy for the Warehouse was issued on June 7, 2022.

21.     At all relevant times, the 2017 Edition of the Florida Building Code was in effect and enforced in Lee County, Fort Myers, Florida.

22.    On June 17, 2022, GPF-Seefried Ft. Myers 2021, LLC merged with Fort Myers Sort Center DST and Fort Myers Sort Center DST was the surviving entity, a subsidiary of Inland Private Corporation. As a result of the merger, Inland Private Corporation's subsidiary acquired the Warehouse.

23.    On September 28, 2022, during inclement weather associated with Hurricane Ian, the door panels for the compressor compartment of the 16 20-ton RTU's on the Warehouse's roof broke at the door latch and came off the RTUs to damage the units themselves and damaged the Warehouse's rubber membrane roof and other property.

24.    The failure of the door panels occurred because the 16 20-ton RTU's for the Warehouse were improperly selected and specified by the defendants as they were not rated for 160 mph winds, as required by the Florida Building Code for the Ft. Myers Florida geographic area.

25.    At all relevant times, the 16 20-ton RTUs were inappropriate for the Fort Myers, Florida geographic area, as RTUs door latches were not appropriately hurricane/vibration rated.

26.    As a direct and proximate result of the RTU failures and associated damage to the units, roof, and extra expenses, Inland Private Corporation sustained losses in an amount in excess of Four Million Dollars ($4,000,000.00).  These include losses attributable to the damage and destruction to 16 20-ton RTUs, the Warehouse's rubber membrane roof, debris removal, and interior debris protection.

27.    As a direct and proximate result of the RTU failures and resulting damages, pursuant to its policy of insurance with Inland Private Corporation, Employers paid to Inland Private Corporation in an amount in excess of Four Hundred Thousand and no/100 Dollars ($400,000.00).  As a result of its payments, plaintiff Employers is subrogated to the rights of Inland

Private Corporation to recover damages from third-persons, to the extent of the payments made by Plaintiff Employers.

28.     Pursuant to the terms of the insurance policy and by operation of law, Employers is entitled, by virtue of both equitable and contractual right, to institute and pursue all legal remedies against the defendants that Inland Private Corporation could pursue and to recover all funds paid to Inland Private Corporation pursuant to the insurance policy.

29.     As a direct and proximate result of the RTU failures and resulting damages, pursuant to its policy of insurance with Inland Private Corporation, Employers paid to Inland Private Corporation an amount in excess of Four Hundred Thousand and no/100 Dollars ($400,000.00).  As a result of its payments, plaintiff Employers is subrogated to the rights of Inland Private Corporation to recover damages from third-persons, to the extent of the payments made by Plaintiff Employers.

30.     The negligent acts and omissions of defendants and their employees, servants, and/or agents, directly and proximately caused the damage which plaintiff has suffered. Accordingly, defendants are liable to Plaintiff for the previously described damages.

## COUNT I- PROFESSIONAL NEGLIGENCE
## PLAINTIFF v. BL COMPANIES

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

32.     At all times relevant hereto, defendant BL Companies provided architectural and professional mechanical design services in connection with the selection and specification of the RTUs to be installed on the Warehouse roof.  BL Companies work included preparing a set of plans which conveyed the make and model of Trane RTUs, including 16 20-ton RTUs, to be installed at the Warehouse. In so doing, defendant BL Companies had a duty to perform their

professional mechanical design services in a skillful and professional manner, in accordance with the standard of care used by similar professionals in the community under similar circumstances to ensure that the Trane RTUs had the appropriate ratings and capabilities for the geographical area where they were to installed and met the applicable codes and safety standards.

33.    Defendant BL Companies failed to conform to the applicable professional standard of care required during the design, engineering, and construction of the Warehouse in the following ways:

   a.    Failing to properly perform design and engineering services for the specification of hurricane/vibration rated RTUs at the Warehouse in a skillful, professional, and prudent manner;

   b.    Violating industry standards, federal, state and/or local ordinances, statutes, and/or codes including violations of the 2017 Florida Building Code, Section 1604, 1609 and 301 by, inter alia, improperly specifying RTUs for the building that were not hurricane/vibration rated for 160 mph;

   c.    failing to properly research, and account for anticipated wind loads that would be encountered by the RTUs on the Warehouse and factoring those wind loads when it selected, detailed and specified the 16 20-ton RTUs into its design documents;

   d.    failing to ensure that the Warehouse would be safe from an unreasonable risk of damage due to the failure of the RTUs;

   e.    failing to act as a reasonably prudent mechanical engineer;

   f.    failing to warn of the defective nature of the 16 20-ton RTUs; and

   g.    Any other negligent acts and/or omissions which become known during the course of discovery.

34.    As a direct and proximate result of the professional negligence of defendant BL Companies, plaintiff has suffered the previously described damages.

WHEREFORE, plaintiff demands judgment against defendant BL Companies in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

### COUNT II – NEGLIGENCE PER SE
### PLAINTIFF V. BL COMPANIES

35.    Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

36.    Defendant's selection and installation of the RTUs was regulated by the State of Florida through the adoption and enforcement of the 2017 Florida Building Code.   The Code of Ordinances of Lee County, Florida adopted the listed codes as the 2017 Florida Building Code.

37.    The 2017 Florida Building Code was enacted to protect a class of persons which included plaintiff's insured Inland Private Corporation.

38.    The Florida Building Code is a public safety statute which thereby creates independent duties owed to the general public including plaintiff's insured Inland Private Corporation.

39.    Defendant violated the Florida Building Code, Sections 1604, 1609 and 301 by, inter alia, improperly selecting and specifying the 16 20-ton RTUs that were not hurricane/vibration rated for 160 mph winds.  Consequently, defendant's negligence constitutes negligence per se.

40.    As a direct and proximate result of the defendant's negligence per se, plaintiff has suffered the previously described damages.

WHEREFORE, plaintiff demands judgment against defendant, BL Companies in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT III – BREACH OF EXPRESS WARRANTY
## PLAINTIFF v. ROGERS MECHANICAL

41.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

42.     Via its warranty, defendant Rogers Mechanical represented itself as having superior knowledge and skill with respect to the selection and installation of the RTU's.

43.     Via the warranty, Inland Private Corporation relied on defendant Rogers Mechanical's skill, knowledge and judgment in the selection and installation of the RTUs for the Warehouse.

44.     Defendant Rogers Mechanical expressly warranted that it performed its work in a good and workmanlike manner according to existing standards of construction and mechanical contracting in the Ft. Myers Florida geographic area and that its work and materials used would be sound and free from defects to materials or workmanship.

45.     Inland Private Corporation relied upon defendant Rogers Mechanical's express warranties.

46.     Plaintiff timely notified Rogers Mechanical of the RTU failures and made claim to Rogers Mechanical under the aforementioned warranty.

47.      To date, Rogers Mechanical has failed or refused to honor the warranty.

48.     As a direct and proximate result of defendant Rogers Mechanical's breach of express warranty of selection, workmanship and materials, plaintiff suffered damages as described herein.

WHEREFORE, plaintiff demands judgment against defendant, Rogers Mechanical in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT IV – NEGLIGENCE
## PLAINTIFF v. ROGERS MECHANICAL

49.    Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

50.    Defendant Rogers Mechanical had a duty to exercise reasonable care in its mechanical contracting work for, among other things, the selection and installation of the RTUs for the Warehouse.

51.    Defendant Rogers Mechanical had a non-delegable duty to ensure that the selection and installation of the RTU's for the Warehouse was performed with reasonable care and in a good and workmanlike manner.

52.    As a direct and proximate result of defendant Rogers Mechanical's negligence, carelessness, and negligent omissions, plaintiff suffered damage to its business property and business interests.  The defendant's negligence, carelessness, and negligent omissions consisted, inter alia, of:

a.    failing to use reasonable care to ensure that the mechanical contracting work was properly performed in a good and workmanlike manner;

b.    failing to use reasonable care in the selection and installation of the RTUs to account for anticipated wind loads that would be encountered by the RTUs on the Warehouse;

c.    failing to ensure that the selection and installation of the RTUs for the Warehouse was performed in accordance with the applicable building and mechanical codes and industry standards, including the 2017 edition of the Florida Building Code, Section 1604, 1609 and 301;

d.    failing to properly warn foreseeable owners and users of the building that the RTUs were not appropriately hurricane/vibration rated;

e.    failing to ensure that the Warehouse would be safe from an unreasonable risk of damage due to the failure of the RTUs;

f.    failing to act as a reasonably prudent mechanical contractor and installer of commercial RTU systems;

g.    failing to warn of the defective nature of the RTUs;

h.    negligence per se; and

i.    otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

53.    As a direct and proximate result of defendant Rogers Mechanical's negligence as aforesaid, plaintiff suffered damages as described herein.

WHEREFORE, plaintiff demands judgment against defendant, Rogers Mechanical in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE PER SE
## PLAINTIFF v. ROGERS MECHANICAL

54.    Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

55.    Defendant's selection and installation of the RTUs was regulated by the State of Florida through the adoption and enforcement of the 2017 Florida Building Code.   The Code of Ordinances of Lee County, Florida adopted the listed codes as the 2017 Building Code.

56.    The 2017 Florida Building Code was enacted to protect a class of persons which included plaintiff's insured Inland Private Corporation.

57.    The Florida Building Code is a public safety statute which thereby creates independent duties owed to the general public including plaintiff's insured Inland Private Corporation.

58.    Defendant violated the Florida Building Code, Sections 1604, 1609 and 301 by, inter alia, improperly selecting and installing RTUs that were not hurricane/vibration rated for 160 mph winds.  Consequently, defendant's negligence constitutes negligence per se.

11

59.     As a direct and proximate result of the defendant's negligence per se, plaintiff has suffered the previously described damages.

WHEREFORE, plaintiff demands judgment against defendant, Rogers Mechanical in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT VI – NEGLIGENCE
## PLAINTIFF v. TRANE

60.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

61.     Defendant Trane had a duty to exercise reasonable care in its selection, supply, and delivery of the RTUs for the Warehouse.

62.     Defendant Trane knew or should have known that the RTUs it manufactured, supplied, and delivered to the Warehouse were not hurricane/vibration rated, did not comply with the Florida Buioding Code, and did not have the capability to withstand the anticipated wind loads that would be encountered by the RTUs on the Warehouse roof.

63.     As a direct and proximate result of defendant Trane's negligence, carelessness, and negligent omissions, Inland Private Corporation suffered damage to its business property and business interests.  The defendant's negligence, carelessness, and negligent omissions consisted, inter alia, of:

a.      failing to use reasonable care to ensure that the RTUs were appropriate to account for anticipated wind loads that would be encountered by the RTUs on the Warehouse;

b.      failing to ensure that the RTUs were in accordance with the requirements of the 2017 Edition of the Florida Building Code, Sections 1604, 1609 and 301.

c.     failing to ensure that the Warehouse would be safe from an unreasonable risk of damage due to the failure of the RTUs;

d.     failing to act as a reasonably prudent manufacturer and supplier of the RTUs for the Warehouse;

e.     failing to warn of the defective nature of the RTUs;

f.     negligence per se; and

g.     otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

64.    As a direct and proximate result of defendant Trane's negligence as aforesaid, plaintiff suffered damages as described herein.

WHEREFORE, plaintiff demands judgment against defendant Trane in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## <u>COUNT VII – BREACH OF EXPRESS WARRANTY</u><br><u>PLAINTIFF v. TRANE</u>

65.    Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as fully stated herein.

66.    Via its warranty, defendant Trane represented itself as having superior knowledge and skill with respect to the manufacture and supply of the RTUs.

67.    Via the warranty, Inland Private Corporation relied on defendant Trane's skill, knowledge and judgment in the selection, manufacture, supply and delivery of the RTUs for the Warehouse.

68.    Defendant Trane expressly warranted that its RTUs were free of defects in material and workmanship and have the appropriate capabilities and ratings.

69.    Plaintiff's insured relied upon defendant Trane's express warranties.

70.    Plaintiff timely notified Trane of the RTU failures and made claim to Trane under the aforementioned warranty.

71.    To date, Trane has failed or refused to honor the warranty.

72.    As a direct and proximate result of defendant Trane breach of express warranty, Plaintiff suffered damage as described herein.

WHEREFORE, plaintiff demands judgment against defendant, Trane in an amount in excess of $4,000,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff requests a Trial by Jury in this action.

This the 22nd day of September, 2023.

SHEEHE & ASSOCIATES, P.A.


*/s/ Phillip J. Sheehe*
Phillip J. Sheehe
FL Bar No.:  259128
9830 SW 77 Avenue
Suite 215
Miami, Florida 33156
Phone: (305) 379-3515
Fax: (305) 379-5404
Email: psheehe@sheeheandassociates.com

*Counsel for Plaintiff Employers Insurance
Company of Wausau a/s/o Inland Private Capital
Corporation*

14