```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

EMPLOYERS INSURANCE COMPANY
OF WAUSAU, as subrogee of
Inland Private Capital
Corporation,

     Plaintiff,

v.                         Case No: 2:23-cv-773-JES-NPM

BL COMPANIES CONNECTICUT,
INC., ROGERS MECHANICAL
CONTRACTORS FL 3, LLC, and
TRANE U.S., INC.,

     Defendants.

_____

**OPINION AND ORDER**

     This matter comes before the Court on review of Trane U.S. Inc.'s Amended Motion to Dismiss (Doc. #42) filed on November 2, 2023, and Rogers Mechanical Contractors FL 3, LLC's Motion to Dismiss (Doc. #46) filed on November 3, 2023.  Plaintiff filed a Brief in Opposition (Docs. #69, #70) to each motion on December 6, 2023.  For the reasons stated below, the motions are denied.

**I.**

     Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

According to the Amended Complaint (Doc. #27): Plaintiff Employers Insurance Company of Wausau (Plaintiff or Employers) writes property and casualty insurance coverage, and at all relevant times provided property loss coverage to Inland Private Corporation (Inland), the owner of an industrial-use warehouse recently built in Fort Myers (the warehouse). Inland is the successor-in-interest of the entity which built the warehouse and is the sole beneficial owner of the warehouse. Plaintiff is the subrogee of Inland[1] and brings claims against third parties to recover for damages to the warehouse which occurred during Hurricane Ian.

Conlan Company was hired as a general contractor to construct the warehouse. BL Companies was hired as the architect and mechanical engineer to provide plans and specifications, including selecting the make and model of the Trane Roof Top commercial HVAC units (RTUs) to be installed on the warehouse roof. The Conlan Company hired Rogers Mechanical as the mechanical contractor, who

---

[1] "[I]n asserting subrogation rights in the name of its insured, the insurance company stands squarely in the place of its insured, having no greater and no less rights against the tortfeasor." U.S. Fidelity & Guar. Co. v. Carl Subler Trucking, Inc., 800 F.2d 1540, 1541 (11th Cir. 1986).

3

in turn retained Trane to select and deliver 30 RTUs, including 16 20-ton RTUs, to the warehouse. Trane selected and delivered the RTUs in November 2021, and Rogers installed the units at the warehouse, including 16 units on the roof. Rogers Mechanical issued a one-year warranty through November 10, 2022, and Trane issued two RTU commercial warranties. The Certificate of Occupancy was issued on June 7, 2022.

On September 28, 2022, during Hurricane Ian, the door panels for the compressor compartment of the 16 20-ton RTUs on the roof broke at the door latch and came off the RTUs. This damaged the units, the rubber membrane roof, other property on the roof, and the inside the warehouse. The door panel failure happened because the 16 20-ton RTUs were not properly selected, specified, and rated for 160 mph winds, as required by the Florida Building Code. Inland sustained $4 million in losses and was paid $400,000 by Plaintiff.

### III.

Defendant Trane seeks to dismiss Counts VI (negligence), VII (breach of express warranty), VIII (violation of Fla. Stat. § 553.84), and IX (breach of implied warranty of fitness for particular purpose) of the Amended Complaint. Defendant Rogers Mechanical seeks to dismiss Count III (breach of express warranty) and Count V (violation of Fla. Stat. § 553.84).

**A. Trane's Motion to Dismiss**

    **(1)  Count VI: Negligence**

The Amended Complaint alleges that Rogers retained Trane to "sell, manufacture, select, supply, and deliver" thirty RTU, including the 16 for the roof (Doc. #27, ¶14), and that "[t]he described equipment was selected by Trane based on its judgment in providing suitable equipment for the conditions to which the equipment would be exposed and the particular purpose for which the equipment was purchased." (Id.)  Count VI then alleges Trane "had a duty to exercise reasonable care in its selection, supply, and delivery of the RTUs for the Warehouse" (Id. ¶62); that Trane "knew or should have known that the RTUs it selected, manufactured, supplied, and delivered to the Warehouse were not hurricane/vibration rated, did not comply with the Florida Building Code/Florida Mechanical Code, and did not have the capacity to withstand the anticipated wind loads that would be encountered on the Warehouse roof." (Id. ¶63); and that as a direct and proximate cause of Trane's negligence, Inland suffered damage. (Id. ¶¶ 64-65.)

Trane argues that Count VI must be dismissed because the allegations are contradicted by the contract between Rogers and Trane, and there are allegations that it was BL who selected the make and model of the HVAC units.  Therefore, Trane argues, Count

5

VI "lacks any ultimate facts" showing the elements of the negligence claim. (Doc. #42, p. 11.)

Contrary to the inference of Trane's argument, a plaintiff is not required to attach "key documents" to a complaint. Additionally, the Court will not consider the unsigned Equipment Proposal and the unsigned Purchase Order which are attached to the motion to dismiss to contradict the facts alleged in the Amended Complaint. A court may consider a document attached to a motion to dismiss if (1) the plaintiff refers to the document in the complaint, (2) the document is central to the plaintiff's claim, and (3) the document's contents are undisputed, i.e., its authenticity is unchallenged. Baker v. City of Madison, Ala., 67 F.4th 1268, 1276 (11th Cir. 2023). Here, Plaintiff challenges the authenticity of the documents. (Doc. #69, pp. 7-8.)

The assertion that another company also played a role in the selection of the units does not require dismissal of the cause of action against Trane, since more than one entity may have been negligent. While Trane may not agree with the facts alleged in the Amended Complaint, they must be accepted as true at this stage of the proceedings. Plaintiff has sufficiently stated a plausible cause of action for negligence against Trane, so this portion of the motion to dismiss is denied.

### (2) Count VII: Express Warranty

In Count VII of the Amended Complaint, Plaintiff alleges that through its warranty that Trane represented itself as having superior knowledge and skill with respect to the manufacture and supply of RTUs. Based on the warranty, Inland's predecessor-in-interest relied on Trane's skill, knowledge, and judgment in the selection, manufacture, supply, and delivery of the RTUs for the warehouse. Trane expressly warranted that the RTUs were free of defects in material and workmanship and had the appropriate capabilities and ratings. Inland relied upon the express warranties, timely notified Trane of the RTU failures, and made claim to Trane under the warranty. Trane refused to honor the warranty, causing damage. (Doc. #27, ¶¶ 67-73.) Attached to the Amended Complaint is a Warranty and Liability Clause (Commercial Equipment - 20 Tons and Larger and Related Accessories) and a Limited Warranty (Combination Gas Electric Air Conditioner YCD, YCH, YSC and YHC (Parts Only)) for Models Less Than 20 Tons for Commercial Use. (Doc. #27-3.) These are alleged to be copies of the warranties issued to Inland's predecessor. (Doc. #27, ¶19.)

Trane asserts that Plaintiff must identify the express warranties that it allegedly breached and recognizes that Count VII identifies these as warranties regarding selection, supply, or delivery. (Doc. #42, pp. 12-13.) Trane argues, however, that

7

there is nothing in the Amended Complaint which supports the fact that Trane made any of these warranties. (Id. at 13) Trane faults the Amended Complaint for failing to attach any documents concerning the notice of failures that was provided to Trane; failing to attach documents concerning the sale of any product by Trane; failing to identify the name and model number of the products that failed; failing to be clear where plaintiff "plucked" the warranty documents from; and failing to provide any evidence that the warranty documents related to products purchased by Rogers for the warehouse. (Id. at 13-14.)

Count VII is sufficiently pled. It identifies the three warranties which were allegedly breached, and attached two written warranties which it alleges were associated with the transaction at issue. Nothing requires a complaint to attach a copy of the notice given to defendant, or to recite defendant's own product name and model numbers, or to provide other evidentiary details. This portion of the motion to dismiss is denied.

### (3)  Count IX:  Implied Warranty of Fitness

Count IX of the Amended Complaint alleges that Trane is a merchant who sold the RTUs with knowledge of where and how Inland would use them. Trane caused the placement of the sixteen RTUs at the warehouse, which it impliedly warranted to be fit for use on a building within a 160-mph wind zone. But the sixteen RTUs were

8

not appropriate for the geographic location since the door latches were not appropriately hurricane/vibration rated as required by Florida Building and Mechanical Codes. Inland's predecessor relied upon Trane's skill or judgment in providing suitable equipment for the conditions and particular purpose of the equipment. As a result of the breach, plaintiff sustained damages. (Doc. #27, ¶¶ 81-85.)

Trane argues that Count IX should be dismissed because there is no privity between Plaintiff and Trane and no ultimate facts which establish any substantial direct contacts between the owner of the warehouse and Trane. (Doc. #42, pp. 14-17.) Plaintiff agrees that privity is required but asserts that the warranties were made to benefit the former owner, that Inland is a successor in interest and ultimate consumer, and therefore is in privity. (Doc. #69, pp. 12-13.)

An implied warranty of fitness for a particular purpose "arises where a seller has reason to know a particular purpose for which the goods are required and the buyer relies on the seller's skill or judgment to select or furnish suitable goods." Royal Typewriter Co., a Div. of Litton Bus. Sys., Inc. v. Xerographic Supplies Corp., 719 F.2d 1092, 1100 (11th Cir. 1983). Plaintiff must allege and ultimately prove four elements to recover under a theory of implied warranty: "(1) he was a foreseeable user of the

9

product; (2) the product was being used in the intended manner at the time of the injury; (3) the product was defective when transferred from the warrantor; and (4) the defect caused his injury" (footnote omitted)). McCarthy v. Fla. Ladder Co., 295 So.2d 707, 709 (Fla. 2d DCA 1974). Under Florida law, privity of contract is required to maintain an action for breach of an implied warranty. Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla. 1988); Weiss v. Johansen, 898 So.2d 1009 (Fla. 4th DCA 2005); Ocana v. Ford Motor Co., 992 So. 2d 319, 325 (Fla. 3d DCA 2008).

The Court must view the facts in the light most favorable to plaintiff at this stage of the proceedings. Contrary to Trane's argument (Doc. #42, p. 16), plaintiff sufficiently alleged privity between Trane and the former owner and sufficiency alleged facts that otherwise could establish contracts between the owners and Trane. The motion to dismiss Count IX is denied.

**(4)  Count VIII:  Building Code Violation By Trane**

Count VIII alleges that Trane's selection of the RTUs was regulated by the 2017 Florida Building Code and 2017 Florida Mechanical Code, adopted by Lee County, Florida. These Codes were enacted to protect a class of persons, including Inland. Trane violated the Codes by improperly selecting and specifying the 16 20-ton RTUs that were not hurricane/vibration rated for 160 mph

winds. This caused Plaintiff to suffer damages. (Id., at ¶¶ 75-78.)

As Trane recognizes, the Florida Building Code provides a cause of action:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a material violation of this part or the Florida Building Code has a cause of action in any court of competent jurisdiction against the person or party who committed the material violation; however, if the person or party obtains the required building permits and any local government or public agency with authority to enforce the Florida Building Code approves the plans, if the construction project passes all required inspections under the code, and if there is no personal injury or damage to property other than the property that is the subject of the permits, plans, and inspections, this section does not apply unless the person or party knew or should have known that the material violation existed. For purposes of this section, the term "material violation" means a Florida Building Code violation that exists within a completed building, structure, or facility which may reasonably result, or has resulted, in physical harm to a person or significant damage to the performance of a building or its systems.

Fla. Stat. § 553.84. Trane characterizes this claim as a negligence *per se* count and argues that the count falsely states that Trane's selection of the RTUs was regulated by the Florida Building Code and that Trane violated that Code by improperly selecting and specifying TRUs that were not rated for 160 mph

11

winds. (Doc. #42, p. 17.) Trane also faults plaintiff's failure to attach a contract or other documents showing Trane selected the equipment. (Id. at 18.)

As stated before, plaintiff need not attach a contract or other document, although it may do so. Viewed in the light most favorable to plaintiff, the Court finds that this count sufficiently states a plausible claim. The motion to dismiss Count VIII is denied.

**B. Rogers' Motion to Dismiss**

**(1)   Count III**

In Count III of the Amended Complaint, plaintiff alleges that Rogers Mechanical's selection and installation of the RTUs was regulated by the State of Florida through the adoption and enforcement of the 2017 Florida Building Code and 2017 Florida Mechanical Code, adopted by Lee County, Florida. Plaintiff alleges that Rogers Mechanical violated the Codes by improperly selecting and installing RTUs that were not hurricane/vibration rated for 160 mph winds, and this was negligence per se. (Doc. #27, ¶¶ 56-59.) Plaintiff alleges that its predecessor in interest relied on Rogers Mechanical's judgment in the selection and installation of the RTUs; that Rogers Mechanical expressly warranted that it performed its work in a good and workmanlike manner, free from defects; that the former owner of the warehouse relied upon Roger

12

Mechanical's express warranties; that Plaintiff notified Rogers Mechanical of the RTU failures and made a claim under the warranty; and that Rogers Mechanical failed or refused to honor the warranty. As a direct and proximate result of the breach of the express warranty of selection, workmanship, and materials, plaintiff suffered damages. (Doc. #27, ¶¶ 43-49.) The Subcontractor Warranty (Doc. #27-2) warrants the work of the subcontractor Rogers Mechanical as set forth in the Subcontract with the General Contractor for a period of one year from the date of substantial completion, November 10, 2021.

Rogers Mechanical argues that the Amended Complaint fails to allege that Employers has standing to enforce the warranty, which requires dismissal with prejudice. Rogers Mechanical argues that the warranty contains no transfer language, which means it is not transferrable from the original owner to Plaintiff or its insurer. (Doc. #46, pp. 4-7.) However, Rogers Mechanical points to no language in the warranty which prohibits transfer and has not cited to a single binding legal authority in this section of his motion. Viewing the facts in the light most favorable to plaintiff, as it must, the Court finds a plausible claim has been stated and this part of the motion will be denied.

Additionally, Rogers Mechanical argues that the Amended Complaint fails to allege that plaintiff properly triggered the

13

warranty. Rogers Mechanical asserts that the warranty states "The Owner or General Contractor will give Subcontractor written notice of defective Work," while the Amended Complaint only alleges that "Plaintiff timely notified Rogers Mechanical of the RTU failures and made claim to Rogers Mechanical under the aforementioned warranty." (Doc. #46, pp. 7-9.)

The Court finds the factual allegations in the Amended Complaint to be sufficient. Indeed, Rule 9(c) only requires a complaint to "allege generally" that a condition precedent has occurred or been performed. Fed. R. Civ. P. 9(c). The motion to dismiss this count is denied.

### (2)   Count V:   Statutory Violation

Rogers Mechanical argues that plaintiff is trying to allege two causes of action in one count – a building code violation and negligence per se – and each claim requires different pleading requirements and standards. As a result of this comingling, Count V must be dismissed. (Doc. #46, pp. 9-13.) Plaintiff agrees to strike the sentence in paragraph 59 referencing negligence per se as to Rogers Mechanical. This takes care of any ambiguity.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #42) is **DENIED.**

2. Rogers Mechanical Contractors FL 3, LLC's Motion to Dismiss (Doc. #46) is **DENIED**.  However, the sentence "Consequently, defendant's negligence constitutes negligence per se" (Doc. #27, ¶59) is **STRICKEN**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of January 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

15