# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**
and **CERTAIN UNDERWRITERS AT LLOYD'S LONDON**,

    Plaintiffs,

v.                                                                                       2:23-cv-773-JES-NPM

**ROGERS MECHANICAL CONTRACTORS FL 3, LLC,**
**BL COMPANIES, INC.**, and **TRANE U.S., INC.**,

    Defendants.

## ORDER

This action involves property damage to rooftop HVAC units that occurred during Hurricane Ian. In September 2023, Employers Insurance Company of Wausau sued defendants for negligence and breach of express warranty. (Doc. 1). At the court's direction, Employers Insurance filed an amended complaint to properly allege subject-matter jurisdiction. (Docs. 22, 27). Several months later, the parties consented to Employers Insurance amending the complaint again to join Certain Underwriters at Lloyd's of London as a party in interest in this matter and to substitute BL Companies, Inc. as a defendant. (Docs. 77, 83). Now, plaintiffs move for leave to supplement their allegations of negligence and to add a strict liability claim against defendant Trane U.S., Inc. (Doc. 104 at 4; Doc. 104-1 at 14-18). Trane is the sole defendant that opposes the motion, arguing that—at this stage

of the litigation—plaintiffs' request reflects undue delay and would be prejudicial. (Doc. 109 at 3).

The court previously set a January 30, 2024 deadline for any motions to add a party or amend a pleading. (Doc. 68). "When a party files a motion for leave to amend a pleading after the applicable scheduling order deadline has passed, the party is in effect seeking to modify this deadline." *Coach Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, *1 (M.D. Fla. June 11, 2012) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). Pursuant to Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4). Good cause requires diligence. Put simply, "Rule 16(b)'s good-cause standard 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (quoting *Sosa*, 133 F.3d at 1418 (internal quotation and citation omitted)). "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

As plaintiffs explain, the crux of their proposed strict liability claim against Trane is that the "Tang/Cam used in the subject [roof top units] door latch did not meet Trane's design specifications," and as such, this defect subjects Trane to strict product liability under Florida law. (Doc. 104 at 5). And this became apparent after

plaintiffs obtained non-party discovery from Premier Structural Engineering, Inc. and Fath, Inc.[1] (*Id.* at 3-4). Furthermore, plaintiffs learned through recent discovery that the rooftop units, as constructed, were never evaluated for wind-load compliance under the Florida Building Code, and that alternative feasible designs for the rooftop units were available that would have likely prevented the detachment of their door panels during the hurricane. (*Id.* at 4).

Given the overall circumstances, the court is satisfied that the timing of plaintiffs' request for leave to amend is not the result of either neglect or a lack of diligence. And as for the substance of the proposed amendments, the court finds no reason under Rule 15(a) to deny leave. Accordingly, plaintiffs' motion for leave to file a third amended complaint (Doc. 103) is **GRANTED**, and the clerk is directed to separately docket the proposed complaint (Doc. 104-1). By **August 30**, **2024**, defendants must respond to the third amended complaint.[2]

**ORDERED** on August 9, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1]  Moreover, to date, the depositions of defendants' witnesses, as well as Premier and Fath, were delayed until at least August 2024, due to scheduling conflicts. (Doc. 104 at 3).

[2]  Given the forthcoming changes to the pleadings, the parties are encouraged to promptly confer and file any motion to amend the scheduling order.